Perry ROMANO, Plaintiff—Appellant,

v.

CCC STATE PRISON;
et al., Defendants,

and

M. Durso, Correctional Officer; Strausberg, Correctional Officer, Defendants—Appellees.

No. 02–15125.

D.C. No. CV–97–01619–GEB.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Perry Romano, a California state prisoner, appeals pro se the district court's judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging assault by correctional officers. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment. *Wyatt v. Terhune*, 305 F.3d 1033, 1042 (9th Cir.2002). We affirm in part, and vacate and remand in part.

The district court properly dismissed the action for failure to exhaust because it was clear from the face of Romano's third amended complaint that he failed to exhaust the available prison administrative remedies. *See Wyatt*, 305 F.3d at 1042.

The district court did not err by applying *Booth v. Churner*, 532 U.S. 731, 733–34, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), to Romano's case because the Supreme Court's interpretation of federal law is applied retroactively to all cases still open on direct review. *See* Jones Stevedoring Co. v. Director, Office of Workers Compensation Programs, 133 F.3d 683, 687–88 (9th Cir.1997).

Romano contends that defendants failed to properly process his inmate appeals,

R.App. P. 34(a)(2). Accordingly, we deny Romano's motion for oral argument.

which precluded him from exhausting his administrative remedies. Because "we will not read futility or other exceptions into statutory exhaustion," we reject Romano's due process argument. See Booth, 532 U.S. at 741 n. 6, 121 S.Ct. 1819.

However, we vacate the judgment to the extent it dismisses the action with prejudice, and remand to the district court to enter a dismissal without prejudice. See Wyatt, 305 F.3d at 1045 ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice.").

Each party shall bear its own costs.

AFFIRMED in part, VACATED in part, and REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.